Contracts; interpretation; damsite access road location; performance specifications. — Plaintiff entered into a fixed-price contract for the development of first stage access and construction facilities at a hydroelectric project at Snet-tisham, Alaska, the project being located in a heavily wooded, mountainous area, with no existing roads and accessible only by boat or air transportation. Plaintiff seeks Wunderlich Act review of the decision of the Corps of Engineers Board of Contract Appeals denying its claim for an equitable adjustment for a change and suspension of work. The claims in this case arose from a dispute over the alignment of the upper access road which was to end 500 feet from the right abutment of the dam. Plaintiff was required to locate the said road in accordance with the contracting officer’s interpretation of contract provisions that included a “performance” specification and a “schematic” drawing. Plaintiff contends that the contract afforded an option as to the road’s location and that the denial of its alternate proposed north bank alignment constituted a constructive change. Also, plaintiff contends that the contracting officer’s failure to reject in a *751 timely maimer the alternate proposed alignment constituted a constructive suspension of work on the upper access road as well as on related portions of the project. Plaintiff’s proposed alignment would have required a bridge across the spillway, and it was informed that this would involve additional costs and would be considered only if submitted as a “value engineering” proposal. The contracting officer disapproved plaintiff’s plan for failure to comply with the contract technical specifications and the drawings, and because the specifications did not contain criteria for bridging. Plaintiff contended that it bid the job with the idea that the specifications permitted it to locate and design the upper access road, but it never submitted the proposed north bank alignment as a value engineering proposal. In a recommended decision filed September 7,1973 (reported in full at 19 CCF para. 82509), Trial Judge Harkins concluded for the reasons stated that plaintiff is not entitled to the claimed equitable adjustment; that knowledge of defendant’s representatives that plaintiff was pioneering a trail and spending time and effort on a road alignment on the left bank did not create an obligation to stop plaintiff, nor an obligation to approve a left bank alignment for the final upper access road required by the contract; that there is substantial evidence in ■the administrative record to support the contracting officer’s finding that plaintiff was not delayed by any actions of the Government; that the Board’s conclusion that the contract provided no option to construct the required upper access road on the left bank alignment is correct as a matter of law and its findings of fact in support of that conclusion have substantial support in the record; and that plaintiff was properly assessed liquidated damages. This case came before the court on plaintiff’s request for review of the recommended decision on plaintiff’s and defendant’s motions for summary judgment, having been submitted to the court on the briefs and oral argument of counsel. Since the court agrees with the recommended decision, by order dated February 1, 1974 the court affirmed and adopted the decision as the basis of its judgment in this case, granted defendant’s motion for sum, mary judgment, denied plaintiff’s cross-motion, and dismissed the petition.